# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01753-REB-MEH

STEPHEN JONES

    Plaintiff,

v.

MATHESON POSTAL SERVICES, INC.

    Defendant.
_____

## STIPULATED PROTECTIVE ORDER
_____

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case:

IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure (collectively "Information").

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated as "CONFIDENTIAL" shall be information which a producing party believes in good faith to be confidential, personal or personnel information, or

technical or business information of a proprietary nature. "CONFIDENTIAL" information produced by a party shall not be disclosed or used by the receiving party, his/its attorneys, or his/its agents or representatives for any purpose except the preparation and trial of this case without the consent of the producing party or further Order of the Court.

4. "CONFIDENTIAL" documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

  a. Attorneys actively working on this case;

  b. Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in work related to this case or in preparation for trial, at trial, or at other proceedings in this case;

  c. The parties, including the Plaintiff's wife and designated representatives for the entity Defendant;

  d. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for work related to this case or for preparation for trial, at trial, or other proceedings in this case;

  e. The Court and its employees ("Court Personnel");

  f. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

  g. Deponents, witnesses, or potential witnesses; and

  h. Other persons by written agreement of the parties.

5. Prior to disclosing any "CONFIDENTIAL" information to any person listed

above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as "CONFIDENTIAL" by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of "CONFIDENTIAL" information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular "CONFIDENTIAL" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" to file an appropriate motion requesting that the Court determine whether the disputed information should

be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" and shall not thereafter be treated as "CONFIDENTIAL" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL."

9. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as "CONFIDENTIAL" shall be returned to the party that designated it "CONFIDENTIAL," or the parties may agree that a receiving party may destroy "CONFIDENTIAL" documents he/it has received. Where the parties agree to the destruction of "CONFIDENTIAL" documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated at Denver, Colorado this 22nd day of January, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge